**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-00984** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | **JURY** |
| **INSURANCE CO., TAMMY JACKSON,** | § | |
| **JOHN BLAMEY, CONNIE ELIZABETH** | § | |
| **FRISBEE, DONNIE JOE MARCANTEL** | § | |
| **AND KAREN DEVINE,** | § | |
| | | |
| *Defendants.* | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### I.    *Procedural Background*

1.    On or about February 6, 2019, Plaintiffs filed Plaintiffs' Original Petition in the matter styled: *Abed El-Issa and Maha Abouradi v. Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine*; Cause No. 19-DCV-259427; In the 400th Judicial District Court, Fort Bend County, Texas, in which Plaintiffs made a claim for damages under their homeowner's insurance policy with Allstate Vehicle and Property Insurance Company following a severe windstorm event. Allstate Vehicle and Property Insurance Company's registered agent received the citation and petition on or about February 15, 2019.  Defendant files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

1

2.      Attached hereto as **Exhibit "A"** is the Index of Matters Being Filed.  A copy of the Fort Bend County Clerk's file for this case is attached as **Exhibit "B"**, which includes true and correct copies of all executed process, pleadings, any orders and Defendant *Allstate Vehicle and Property Insurance Company's Original Answer and Demand for Jury Trial.*  Attached hereto as **Exhibit "C"** is the Designation of Counsel.

## II.     *Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4.      Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ 2.

5.      Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  Therefore, Defendant Allstate Vehicle and Property Insurance Company is diverse from Plaintiffs.  Defendant Tammy Jackson is listed in Plaintiffs' Petition as domiciled in Alabama.  Therefore, she is diverse from Plaintiffs.  Defendant Karen Devine is listed in Plaintiffs' Petition as domiciled in Illinois.   Therefore, she is diverse from Plaintiffs. *See* Plaintiffs' Original Petition, ¶¶ 4, 8.

6.      Defendants John Blamey, Donnie Joe Marcantel, and Connie Elizabeth Frisbee are listed in Plaintiffs' Petition as residing in Texas.  Plaintiffs' Petition alleges that Blamey, Marcantel, and Frisbee were the adjusters of the insurance claim at issue and further alleges causes of action against them arising out of that adjustment.   *See* Plaintiffs' Original Petition, ¶¶ 5-7.  The cause of action in the case is related to windstorm damage and is subject to Tex. Ins.

2

Code 542A.  *See* Plaintiffs' Original Petition, ¶¶ 16-21.  These Defendants should not be considered for diversity purposes because they are fraudulently joined to this action.

7.      On March 15, 2019, Defendant Allstate Vehicle and Property Insurance Company filed Defendant's Election of Legal Responsibility under Section 542A.006 of the Texas Insurance Code, requesting the Court to dismiss this action with prejudice against Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine as mandated under Chapter 542A of the Texas Insurance Code.

8.      With respect to the claims against Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine, it is Allstate's position that they are now an improper party to this action and should not be considered for purposes of determining diversity.  By timely filing its election under 542A of the Texas Insurance Code, the actions against Defendants Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine are no longer viable and must be dismissed.  See Tex. Ins. Code § 542A.006(c).

9.      Further, with respect to the claims against John Blamey, Donnie Joe Marcantel, and Connie Elizabeth Frisbee, it is Allstate's position that they have been fraudulently joined in this action.  When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.  *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994)

10.     Here, based on Plaintiffs' vague allegations in Plaintiffs' Original Petition, there is no basis to reasonably predict that Texas law might impose liability on John Blamey, Donnie Joe Marcantel, and Connie Elizabeth Frisbee because no real facts relating to them have been set forth.  The allegations against John Blamey, Donnie Joe Marcantel, and Connie Elizabeth Frisbee appear to simply be a recasting of those against Allstate Vehicle and Property Insurance Company.

11.     The amount in controversy in this case exceeds the jurisdictional requirements of this court.  Plaintiffs' Original Petition clearly states that Plaintiffs seek damages in excess of $200,000.00.  *See* Plaintiffs' Original Petition, ¶88.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.     *The Removal is Procedurally Correct*

12.     Allstate Vehicle and Property Insurance Company was first served with the petition on or about February 15, 2019.  Allstate Vehicle and Property Insurance Company files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

13.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Vehicle and Property Insurance Company files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

6783627v1
03647.681

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Fort Bend County promptly after Allstate Vehicle and Property Insurance Company files this Notice.

Respectfully submitted,

By:   */s/Jay Scott Simon*
        Jay Scott Simon
        State Bar No. 24008040
        Southern District No. 31422
        jsimon@thompsoncoe.com
        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone:  (713) 403-8210
        Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## **<u>CERTIFICATE OF SERVICE</u>**

  This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

   J. Ryan Fowler, Esq.
   Rene M. Sigman, Esq.
   MERLIN LAW GROUP, P.A.
   515 Post Oak Blvd., Suite 510
   Houston, TX 77027
   RMSDocket@merlinlawgroup.com


          */s/Jay Scott Simon*
          Jay Scott Simon

6783627v1
03647.681