# REGISTER OF ACTIONS
## CASE NO. 19-DCV-259427

| | |
|---|---|
| **Abed El-Issa and Maha Abouradi v. Allstate Vehicle and Property Insurance Co., Tammy Jacksn, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine** § § § § § | Case Type: **Other Civil**<br>Date Filed: **02/06/2019**<br>Location: **400th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Attorneys** |
| **Defendant or Respondent** | **Allstate Vehicle and Property Insurance Company**<br>Dallas, TX 75201-3135 | **Jay Scott Simon**<br>*Retained*<br>713-403-8210(W) |
| **Defendant or Respondent** | **Blamey, John**<br>Fort Worth, TX 76244-4730 | |
| **Defendant or Respondent** | **Devine, Karen**<br>Northbrook, IL 60062 | |
| **Defendant or Respondent** | **Frisbee, Connie Elizabeth**<br>Marble Falls, TX 78654-6200 | |
| **Defendant or Respondent** | **Jackson, Tammy**<br>Mobile, AL 36609 | |
| **Defendant or Respondent** | **Marcantel, Donnie Joe**<br>Dickenson, TX 77539-6122 | |
| **Plaintiff or Petitioner** | **Abouradi, Maha** | **J. Ryan Fowler**<br>*Retained*<br>713-626-8880(W)<br><br>**Rene M. Sigman**<br>*Retained*<br>713-626-8880(W) |
| **Plaintiff or Petitioner** | **El-Issa, Abed** | **J. Ryan Fowler**<br>*Retained*<br>713-626-8880(W)<br><br>**Rene M. Sigman**<br>*Retained*<br>713-626-8880(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 02/06/2019 | **Docket Sheet** |
| 02/06/2019 | **Petition**     Doc ID# 1 |
| | *Plaintiffs' Original Petition* |
| 02/06/2019 | **Jury Fee Paid** |
| | *Jury Fee Paid* |
| 02/12/2019 | **Issuance**     Doc ID# 2 |
| | *Citation Issued to Allstate Vehible and Property Insurance Company* |
| 02/12/2019 | **Citation** |
| | *Eservice* |
| | Allstate Vehicle and Property Insurance Company    Served        02/15/2019 |
| | Returned      02/19/2019 |
| 02/12/2019 | **Issuance**     Doc ID# 3 |
| | *Citation Issued to Tammy Jackson* |
| 02/12/2019 | **Citation** |
| | *Eservice* |
| | Jackson, Tammy        Unserved |
| 02/12/2019 | **Issuance**     Doc ID# 4 |
| | *Citation Issued to John Blamey* |
| 02/12/2019 | **Citation** |

**EXHIBIT B**

| | | | |
|---|---|---|---|
| | *Eservice* | | |
| | Blamey, John | Unserved | |
| 02/12/2019 | **Issuance**      **Doc ID# 5** | | |
| | *Citation Issued to Donnie Joe Marcantel* | | |
| 02/12/2019 | **Citation** | | |
| | *Eservice* | | |
| | Marcantel, Donnie Joe | Unserved | |
| 02/12/2019 | **Issuance**      **Doc ID# 6** | | |
| | *Citation Issued to Connie Elizabeth Frisbee* | | |
| 02/12/2019 | **Citation** | | |
| | *Eservice* | | |
| | Frisbee, Connie Elizabeth | Unserved | |
| 02/12/2019 | **Issuance**      **Doc ID# 7** | | |
| | *Citation Issued to Karen Devine* | | |
| 02/12/2019 | **Citation** | | |
| | *Eservice* | | |
| | Devine, Karen | Unserved | |
| 02/19/2019 | **Officers Return**      **Doc ID# 8** | | |
| | *Citation Issued to Alstate Vehicle and Property Insurance Company on 2/15/19* | | |
| 03/08/2019 | **Answer/Contest/Response/Waiver**      **Doc ID# 9** | | |
| | *Defendant Allstate Vehicle and Property Insurance Company Original Answer and Demand for Jury Trial* | | |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant or Respondent** Allstate Vehicle and Property Insurance Company | | |
| | Total Financial Assessment | | 42.00 |
| | Total Payments and Credits | | 42.00 |
| | **Balance Due as of 03/15/2019** | | **0.00** |
| 03/11/2019 | Transaction Assessment | | 42.00 |
| 03/11/2019 | E-filing | Receipt # 2019-17234-DCLK | Allstate Vehicle and Property Insurance Company | (42.00) |

| | | | |
|---|---|---|---|
| | **Plaintiff or Petitioner** El-Issa, Abed | | |
| | Total Financial Assessment | | 384.00 |
| | Total Payments and Credits | | 384.00 |
| | **Balance Due as of 03/15/2019** | | **0.00** |
| 02/07/2019 | Transaction Assessment | | 382.00 |
| 02/07/2019 | E-filing | Receipt # 2019-09819-DCLK | El-Issa, Abed | (382.00) |
| 02/19/2019 | Transaction Assessment | | 2.00 |
| 02/19/2019 | E-filing | Receipt # 2019-12464-DCLK | El-Issa, Abed | (2.00) |

# SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK   THE STATE OF TEXAS

### CITATION

TO:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3135
OR WHEREVER DEFENDANT MAY BE FOUND

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **February 06, 2019**, a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-259427** and is styled:

**ABED EL-ISSA AND MAHA ABOURADI V. ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSN, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE**

The name and address of the attorney for **PLAINTIFF** is:

**J. RYAN FOWLER
MERLIN LAW GROUP PA
515 POST OAK BLVD SUITE 510
HOUSTON TX 77027
713-626-8880**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 12th day of February, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _____
Deputy District Clerk SALENA M JASSO
Telephone: (281) 341-3787

**SERVICE**

**19-DCV-259427**

**400th Judicial District Court**

Abed El-Issa and Maha Abouradi v. Allstate Vehicle and Property Insurance Co., Tammy Jacksn, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of __

_____, at ____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

*My name is _____ _____,
　　　　　　　　　　(First, Middle, Last)

my date of birth is_____, and my address is _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

2/16/19

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

**SERVICE**

Filed
2/6/2019 3:24 PM
Beverley McGrow Walker
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. **19-DCV-259427**

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA** | § | **IN THE DISTRICT COURT OF** |
| **ABOURADI** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE CO.,** | § | |
| **TAMMY JACKSON, JOHN** | § | |
| **BLAMEY, CONNIE ELIZABETH** | § | Fort Bend County - 400th Judicial District Court |
| **FRISBEE, DONNIE JOE** | § | **_____ JUDICIAL DISTRICT** |
| **MARCANTEL AND KAREN** | § | |
| **DEVINE,** | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF THIS COURT:**

COME NOW, Abed El-Issa and Maha Abouradi, Plaintiffs ("Plaintiffs"), complaining of

Allstate Vehicle and Property Insurance Company ("Allstate"), Tammy Jackson ("Jackson"), John

Blamey ("Blamey"), Connie Elizabeth Frisbee ("Frisbee"), Donnie Joe Marcantel ("Marcantel"),

and Karen Devine (" Devine") (at times referenced herein collectively as "Defendants"), and for

causes of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case stems from an insurance dispute arising out of Hurricane

Harvey which damaged Plaintiffs' home in Sugarland, Texas on or about August 26, 2017. This

case involves complex legal issues and will require extensive discovery on the various matters at

issue and otherwise. Plaintiffs, therefore, respectfully ask the Court to order that discovery be

conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.      Plaintiffs Abed El-Issa and Maha Abouradi are individuals residing in Fort Bend County, Texas.

3.      Defendant **Allstate Vehicle and Property Insurance Company** is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3135, or wherever else it may be found.

4.      Defendant **Tammy Jackson** is an individual residing in and domiciled in the State of Alabama. At all times material to the allegations in this Petition, Defendant Jackson has done business in Texas acting as and representing herself to be an insurance adjuster. This Defendant may be served with personal process by a process server at her business located at NCT Mobile Inside, 1020 Downtowner Blvd., Mobile, Alabama, 36609, or wherever else she may be found.

5.      Defendant **John Blamey** is an individual residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant John Blamey has done business in Texas acting as an insurance adjuster or is otherwise involved in the insurance industry. This Defendant may be served with personal process by a process server at his place of business located at 3061 Spotted Owl Dr., Fort Worth, Texas 76244-4730, or wherever else he may be found.

6.      Defendant **Donnie Joe Marcantel** is an individual residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant Donnie Joe Marcantel has done business in Texas acting as an insurance adjuster. This Defendant may be served with personal process at his business located at 615 Reynaldo St., Dickinson, Texas 77539-6122, or

2

wherever else he may be found.

7.      Defendant **Connie Elizabeth Frisbee**, is an individual, residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant Elizabeth Frisbee has done business in Texas acting as an insurance adjuster or is otherwise involved in the insurance industry. This Defendant may be served with process at her place of business located at 200 Old River Rd. SPC 21, Marble Falls, Texas 78654-6200, or wherever else she may be found.

8.      Defendant **Karen Devine**, is an individual, residing in Northbrook, Illinois who has engaged in the business of insurance in Texas. She may be served with personal process at her place of employment located at 2775 Sanders Rd., B 1 E in Northbrook, Illinois 60062, or wherever else she may be found.

### JURISDICTION

9.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000.00 but not more than $1,000,000.00. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

9.      This Court has jurisdiction over Defendant Allstate because this Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas.

10.     This Court has jurisdiction over Defendant Tammy Jackson, because this Defendant engages in the business of adjusting insurance claims and/or conducting other insurance business and/or claims handling activities in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas.

11.     This Court has jurisdiction over Defendant John Blamey, because this Defendant engages

3

in the business of adjusting insurance claims and/or conducting other insurance business and/or claims handling activities in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas.

12.     This Court has jurisdiction over Defendant Joe Marcantel because this Defendant engages in the business of adjusting insurance claims and/or conducting other insurance business and/or claims handling activities in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas.

13.     This Court has jurisdiction over Defendant Connie Elizabeth Frisbee because this Defendant engages in the business of adjusting insurance claims and/or conducting other insurance business and/or claims handling activities in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas

14.     This Court has jurisdiction over Defendant Karen Devine, because this Defendant engages in the business of adjusting insurance claims and/or conducting other insurance business and/or claims handling activities in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities conducted in the State of Texas.

## VENUE

15.     Venue is proper in Fort Bend County, Texas because the insureds' property is situated in Sugarland, Texas which is located in Fort Bend County. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

16.     This is a first-party insurance claim dispute arising out of Hurricane Harvey which was a category 4 hurricane with extreme winds up to 130 mph and higher.

17.     Plaintiffs are the owners of residential property located at 69 Inverrary Lane, Sugarland, Fort Bend County, Texas ("the Property").

4

18.     Allstate sold and issued to Plaintiffs a Homeowners Insurance Policy ("the Policy") to protect and insure Plaintiffs' dwelling, other structures, and personal property, against covered loss in events like a hurricane.

19.     On or about August 25, 2017, Hurricane Harvey hit the Gulf Coast of Texas at Rockport and traveled up the coastline eastward causing widespread devastation and destruction and producing a record setting number of tornados, severe wind speeds, and record setting amounts of rain fall particularly in the Houston area. Plaintiffs' Property sustained significant wind and water damage as a result of Harvey.

20.     Specifically, the strong Harvey winds resulted in multiple tornadoes that caused numerous missing, broken and lifted roof shingles on Plaintiffs' home. Water intruded through the wind openings on the damaged roof and caused substantial damage to the ceilings, walls, and floors throughout the home.

21.     Plaintiffs filed a claim (the "Claim") on their Policy with their insurance company, Allstate, for roof damage, water damage, wind damage, and structural damage, sustained as a result of Hurricane Harvey.

22.     At that time, and pursuant to their Policy, Plaintiffs made a simple request to Allstate—to cover and pay for the cost of repairs to the Property, including, but not limited to, repair and/or replacement of the roof, as well as repair of the interior damages and the loss of contents therein.

23.     At all times relevant, Plaintiffs were and are entitled to benefits under their Allstate Policy as it specifically covered Plaintiffs' dwelling for damages caused by covered perils, including hurricanes like Harvey, windstorms and hail; and further, the Policy provided Allstate would pay the replacement cost value ("RCV") to repair and/or replace the damages caused by the covered

peril.

24.     On or about September 1, 2017, Allstate assigned Tammy Jackson ("Jackson") to adjust and oversee the adjustment of Plaintiffs' Claim and damages. On or about September 2, 2017, Allstate assigned John Blamey ("Blamey") as the field adjuster responsible for assessing, documenting, and adjusting Plaintiffs' Claim. Jackson and Blamey were improperly trained by Allstate and thus, failed to perform an adequate investigation of Plaintiffs' Claim that would meet the minimum standards of performance pursuant to industry standards, or those standards found in Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. TEX. ADMIN. CODE §§21.203, 21.205. The inadequacy of Blamey's inspection is evidenced by the fact that he overlooked and/or failed to inspect significant areas of damages, including the roof, exterior, master bedroom, dining room, reading room, foyer and entryway, among others. The areas that Blamey did include—second kitchen area, water closet, living room, and spare bedroom, among other areas—were severely undervalued as compared to the true extent of damages sustained and cost to repair. Blamey's substandard inspection and Jackson's inadequate investigation were relied upon entirely by Allstate in its settlement of Plaintiffs' Claim which resulted in a zero payment of the Claim as the damages Allstate recognized as Harvey damages fell under the deductible mount.

25.     Dissatisfied with Allstate's assessment of their Claim and of a zero payment, Plaintiffs complained to Allstate about the improper handling and zero payment of their Claim and the fact that not all of the Harvey damage had been accounted for and included in the estimate. Plaintiffs requested a re-inspection.

26.     As a result, Allstate appointed an additional adjuster, Donnie Marcantel ("Marcantel"), on or about November 16, 2017. Marcantel also was improperly trained by Allstate and failed to

6

perform a reasonable inspection of the Property. In fact, Marcantel, in effect, just rubber-stamped the inadequate inspection of Blamey which Allstate had adopted the first time around without question.

27.     On or about November 20, 2017, Allstate and/or Marcantel sent a letter to Plaintiffs wherein Allstate conveniently forgot to reiterate that Plaintiffs' damages were under the deductible, and instead wrote: "no new or additional damage found," there is "no payment to be issued."

28.     Plaintiffs next decided to hire a public adjuster to represent them on their Claim with Allstate. Allstate, however, refused to reconsider the valuation of damages and cost of repairs from either the first and/or second inspections and Allstate's position that the damages fell under the deductible was unchanged. Plaintiffs then contacted the undersigned attorneys.

29.     Counsel sent a letter of representation to Allstate and immediately, Allstate requested another re-inspection of the Property. Plaintiffs willingly cooperated. On or about June 18, 2018, Allstate assigned Connie Elizabeth Frisbee ("Frisbee") to adjust and/or oversee the third evaluation (second re-inspection) of Plaintiffs' Property damages. Similar to Jackson, Blamey and Marcantel before her, Frisbee was improperly trained by Allstate and she too failed to perform a thorough, fair, and reasonable investigation of Plaintiffs' Claim for Property damages caused by Harvey. In fact, Frisbee did not and would not disclose the identification of the field adjuster that had performed the second re-inspection on behalf of Allstate, and neither a report, estimate, nor photographs were provided. Given these facts, the only logical conclusion Plaintiffs could entertain was that the unknown adjuster conducted a substandard inspection of Plaintiffs' Property.

30.     A letter was ultimately received from Frisbee parroting the above letter that no new or additional damages were found and that there would be no payment.

7

31.     Following this second re-inspection/third inspection of the Property and third denial, Plaintiffs submitted a sworn proof of loss, but to no avail or change in Allstate's position despite generic language in the last letter that Allstate would continue to work with Plaintiffs on other damages. Allstate never did.

32.     At all material times hereto, Defendants Jackson, Blamey, Marcantel, Frisbee, and Devine, were agents of Allstate's based on their acts during the handling of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insured. TEX. INS. CODE §4001.051. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Defendants Jackson, Blamey, Marcantel, Frisbee, and Devine, including the completion of their duties under common and statutory law.

33.     Compounding Defendant Allstate's failure to adequately train and supervise their adjusters and personal—Jackson, Blamey, Marcantel, Frisbee, and Devine—Allstate further failed to adequately review the estimates of Plaintiffs' damages. Rather, Allstate, adopted and accepted the substandard inspections and estimates without question. Further, Allstate ratified these Defendant adjusters' inadequate methods of conducting adjustments and investigations of property damages, with their undervalued assessments that ultimately fell below the Plaintiffs' deductible and resulted in a zero payment for Plaintiffs.

34.     Plaintiffs have suffered actual damages resulting from Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine's wrongful acts and omissions as set forth above and further described herein. As a result of Defendants' unreasonable investigation and underpayment, as well as payment delays, Plaintiffs were not provided adequate funds needed to repair the Harvey damages to their home. Plaintiffs' Claim was severely underestimated and mishandled by Allstate and its adjusters and personnel, which prevented Plaintiffs from receiving the necessary funds to

8

repair the full extent of damages sustained. Plaintiffs' Claim was mishandled and improperly adjusted. To date, Plaintiffs have yet to receive any payment to which they are entitled under the Policy for their Hurricane Harvey damages.

35.     Together, Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine, set about to deny completely and/or underpay Plaintiffs' Claim on properly covered damages. As a result of Defendants' unreasonable investigation and undervaluation which led to a zero payment, Plaintiffs were not provided proper coverage for the damages sustained. Plaintiffs' Claim was severely under-scoped and mishandled which, in turn, deprived Plaintiffs of sufficient funds needed to repair their damages, and which has resulted in additional damages to Plaintiffs' Property.

36.     Allstate intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees or retaining any qualified outside adjusters to perform Allstate's non-delegable duties of investigating claims in accordance with applicable Texas law. Further, it is equally as clear, that Allstate either had no procedures in place or had inadequate procedures to monitor or regularly audit the work product of its adjusters and claims personnel.

37.     Moreover, Jackson, Blamey, Marcantel, Frisbee, and Devine knew or should have known that insurance companies, like Allstate, compensate adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders to self-perform material aspects of the Claim investigation without training or instruction, and in express contravention of Texas law. The adjusters accepted these terms knowing that they would likely cause their inspections and resulting claim estimates to be minimal, and that they were engaging in claims handling that they were neither qualified nor properly trained to sufficiently undertake.

38.     The Policy between Plaintiffs and Allstate covered the damages to Plaintiffs' Property

9

caused by Harvey; therefore, Plaintiffs are entitled to receive all Policy benefits. There is no question that Allstate undervalued the majority of damaged items as well as wrongly denying others that had merit. As a result, resolution of Plaintiffs' Claim was delayed by the deficient and improper claims handling by Allstate and its retained, inept adjusters and representatives. Specifically, Allstate and Devine issued generic form letters to policyholders, including Plaintiffs, wherein Allstate erroneously attempts to shift the burden of damage assessment and claims handling onto Plaintiffs. In these form letters, Allstate and Devine uniformly represent:

> [W]e will not be able to comply with your request and must reject your client's estimate. We believe that our estimate reflects the proper allowance for all storm related damages. At this time, there is no new information that has been presented...which would change our previous claim determination. Allstate feels that all sudden and accidental storm damages from the above date of loss have been addressed accordingly.

> If you wish to provide additional information, please forward the information and/or documentation to me.

39.    In response to these form letters from Defendants Allstate and Devine, Plaintiffs submitted additional correspondence and/or documentation and/or information to Allstate for consideration. However, Defendants Allstate and Devine, without fail, thereafter send the same generic language:

> [I]t is Allstate's position that all storm related damage has been addressed...We believe that our estimate reflects the proper allowance for all storm related damages. There is no new information that has been presented...which would change our previous claim determination...Allstate feels that all sudden and accidental storm damages from the above date of loss have been addressed accordingly. If you have any additional, relevant claim information to submit on this loss, please feel free to forward to my attention for review.

40.    Regardless of what additional documentation or information is provided to Allstate, not only on Plaintiffs' Claim, but on extensive other Allstate policyholders' claims, Defendant Allstate fails to change its position, and rather, issues the same generic responses. It is now abundantly clear that Allstate has adopted a corporate habit, practice and/or routine of failing to consider

policyholder documentation and relying on its own grossly deficient claims assessment. Allstate has routinely failed, on Plaintiffs' Claim and otherwise, to advise as to what specific information or documentation that would/could change its previous Claim determination—the truth is, likely nothing would because Allstate was intent to pay as little as possible on Hurricane Harvey claims, like Plaintiffs'.

41.     By wrongfully denying payments to Plaintiffs and wholly failing to properly handle their Claim, Defendant Allstate breached the duty of good faith and fair dealing owed to Plaintiffs as an insured in an insurance contract. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). A special relationship exists as a result of policyholders like Plaintiffs and Allstate's (the insurer) "unequal bargaining power"—because the insurer has the ability to more easily take advantage of the insured due to an insurer's exclusive control over the evaluation, processing and denial of claims. In legal terms, this unlevel playing field results in a "special relationship" between an insurer and insured and further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their insureds. Defendant Allstate breached its common-law duty by failing to deal fairly and in good faith with Plaintiffs as is evident through Defendant Allstate's generic form letter denials as issued to Plaintiffs here and otherwise.

42.     Defendant Allstate's conduct was not only a breach of its common law duty to deal fairly and in good faith with Plaintiffs based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Defendant Allstate and Plaintiffs. Justice Learned Hand wrote "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent."

11

*Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911). The Insurance Policy in effect between Plaintiffs and Allstate is a contract wherein the Insurance Company, Allstate, offers to provide insurance coverage and services associated therewith in exchange for the Policyholder's payment of annual premium amounts in consideration of the contract. Texas law recognizes a cause of action for breach of contract. Pursuant to Texas law, either party to the contract can initiate legal action against the other for violations of that contract that caused damages. A breach of contract claim is distinct and independent from a tort and other claims such as a breach of the duty of good faith and fair dealing as well as a violation of statutory or other extra-contractual claims. Tort and contract claims in an insurance context are separate and independent yet they are factually interwoven, and the same evidence is often admissible on both claims.

43.     Here, Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Allstate refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Thus, from and after the time Plaintiffs' Claim was presented to Allstate, the liability of Allstate to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Allstate refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied upon to deny the full payment. Allstate's conduct has caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid by Allstate. Defendant Allstate's conduct constitutes a breach of contract as well as a breach of the common law duty of good faith and fair dealing.

44.     In Texas, the vast majority of insurance policies, including Allstate's insurance policy contract with Plaintiffs, do not account for an insurance company's and/or its representatives'

(potentially improper) acts or omissions undertaken through their handling of a claim; which incidentally affect the duration and outcome of the Claim, and otherwise, to policyholder's detriment. To account for such acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), in 1973 the Texas Legislature enacted the Texas Deceptive Trade Practices—Consumer Protection Law (hereafter referred to as "Texas DTPA") to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions...and to provide efficient and economical procedures to secure such protections." TEX. BUS. & COM. CODE §17.44. Specifically, the Texas DTPA provides that a consumer may maintain an action where an insurance company (or one of its employees or agents) commits an act or practice in violation of Chapter 541 of the Texas Insurance Code. TEX. BUS. & COM. CODE §17.50. These enumerated acts (as found within Chapter 541 and 542 of the Texas Insurance Code) are generally not included within the written contractual terms of the Insurance Policy. These two bodies of law (contract and tort) are neither overlapping, nor mutually exclusive. Rather, they are entirely independent issues under independent bodies of law with unique causes of action and damages available.

45.     Texas Legislators specifically created and enacted the Texas Insurance Code to protect consumers, like Plaintiffs, and regulate insurance professionals, like Defendants, because the language of insurance policy contracts (without more) was not properly serving those functions. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in that State of Texas must follow. Those duties and obligations are wholly independent of those for which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the

13

determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone engaged in the business of insurance in the State of Texas must comply with and not violate; as well as deceptive, unfair, and prohibited practices that anyone engaged in the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' insurance policy with Defendant Allstate, are silent as to these statutory provisions.

46.     Allstate and Defendants Jackson, Blamey, Marcantel, Frisbee and Devine, violated Chapter 541 of the Texas Insurance Code by misrepresenting to Plaintiffs the damage to the Property was not covered under the Policy, even though the damage this residence sustained was caused by a covered occurrence. Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine, further violated the Texas Insurance Code by undervaluing and under-scoping the damages Plaintiffs incurred. Allstate's, Jackson, Blamey, Marcantel, Frisbee and Devine's misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law. "Actual damages" include benefit-of-the-bargain damages, commonly referred to as policy benefits, which signify the difference of the value represented and the value received. Allstate's, Jackson, Blamey, Marcantel, Frisbee and Defendant Devine's conduct, as described above, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(1).

47.     Insureds like the Plaintiffs can recover actual damages for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and bad faith claims; and the actual damages are the Policy benefits to which insureds like Plaintiffs were entitled and that should have

14

been properly paid by insurers like Defendant Allstate, were not. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Defendant's violation of this section of the Texas Insurance Code.

48. Defendant Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine failed to make an attempt to settle Plaintiffs' Claim in a prompt, fair, and/or equitable manner, although they were aware of their liability to Plaintiffs. As such, Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Specifically, Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine's failure to properly investigate, the undervaluation of the Claim, and conduct otherwise, caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Allstate. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Defendant's violation of this section of the Texas Insurance Code. *Id.*

49. Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Defendants neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor provided any explanation for the failure to adequately settle Plaintiffs' Claim. As such, Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3). Defendants conduct caused Plaintiffs to suffer actual damages and lose Policy benefits to which they were entitled, and which should have been paid initially by Defendants. Plaintiffs, therefore, are entitled to recover Policy benefits, as actual damages as well

15

as attorneys' fees and costs for Defendants' violation of this section of the Texas Insurance Code.

50.     Furthermore, Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely, written acceptance or rejection of their full and entire Claim from Defendants. As such, Defendants' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine's conduct caused Plaintiffs to suffer actual damages and lose Policy benefits to which they were entitled, and which should have been paid by Allstate. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Defendants' violation of this section of the Texas Insurance Code.

51.     Finally, Defendants failed to conduct a reasonable investigation, and refused to fully compensate Plaintiffs under the terms of the Policy. Specifically, Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. As such, Allstate's, Jackson, Blamey, Marcantel, Frisbee and Devine's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair settlement Practices. TEX. INS. CODE §541.060(a)(7). Thus, Defendants' conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid by Allstate. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages as well as attorneys' fees and costs for Defendants' violation of this section of the Texas Insurance Code. *Id.*

52.     After receiving notice of Plaintiffs' Claim, Allstate, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledgement of Plaintiffs' Claim, requesting all information reasonably necessary to investigate Plaintiffs' Claim and beginning the investigation

16

of Plaintiffs' Claim, within the statutorily mandated timelines. As such, Allstate's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act, TEX. INS. CODE §542.055. Defendants' conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which Plaintiffs were entitled and which should have been paid by Allstate. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages, as well as attorneys' fees, interest, costs and all other amounts to which they are entitled, for Defendants' violations of this section of the Texas Insurance Code.

53.     Allstate failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE §542.056. Allstate's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of Policy benefits to which Plaintiffs were entitled and which should have been paid initially by Allstate. Plaintiffs, therefore, are entitled to recover Policy benefits as actual damages for Allstate's violation of this section of the Texas Insurance Code.

54.     Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Allstate has delayed full payment of Plaintiffs' Claim longer than allowed, and, to date, Plaintiffs have not received full payment for their Claim. As such, Allstate's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE §542.058. As a result of Allstate's violation of Section 542.058 of the Texas Insurance Code, Plaintiffs lost Policy benefits to which they were entitled, and which Allstate should have paid Plaintiffs timely. Plaintiffs, therefore, are entitled to recover Policy benefits as their actual damages for Allstate's violation of this section of the Texas

17

Insurance Code.

55.     From and after the time Plaintiffs' Claim was presented to Allstate, the liability of Allstate

to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However,

Allstate has refused to pay Plaintiffs in full, despite there being no basis upon which a reasonable

insurance company would have relied to deny the full payment. As such, Allstate's conduct in this

regard constitutes a breach of the common law duty of good faith and fair dealing.

56.     Additionally, Allstate, knowingly or recklessly made false representations, as described

above, as to material facts and/or knowingly concealed from Plaintiffs all or part of material

information relevant to Plaintiffs' Claim.

57.     As a result of Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine's

wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the

attorneys and law firm who are representing them with respect to these causes of action.

58.     Plaintiffs' experience is not an isolated case. The acts and omissions of Allstate, Jackson,

Blamey, Marcantel, Frisbee, and Devine committed in this case or similar acts and omissions,

occur with such frequency that they constitute a general business practice of Allstate with regard

to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable

outcomes for the company at the expense of policyholders, like Plaintiffs here.

59.     Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional

violations of the Texas Insurance Code, and intentional breach of the common law duty of good

faith and fair dealing.

60.     All conditions precedent to Plaintiffs' Claims for relief have been performed or have

occurred and/or Defendants waived the same. This includes, but is not limited to, providing notice

18

pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST ALLSTATE

61.     Allstate is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, fraud and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

62.     Defendant Allstate's conduct as described herein constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

63.     Allstate's failure and/or refusal, as described herein, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of by Allstate of its contract with Plaintiffs.

### NON-COMPLIANCE BY ALLSTATE WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

64.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

65.     Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

66.     Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

67.     Allstate's unfair settlement practice, as described above, of failing to promptly provide

19

Plaintiffs with a reasonable explanation of the basis in the Policy for its offer of a compromise or settlement of the Claim in relation to the facts or applicable law, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

68.     Allstate's unfair settlement practice, as described above of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

69.     Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' their full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY ALLSTATE WITH THE TEXAS INSURANCE CODE, THE PROMPT PAYMENT OF CLAIMS ACT

70.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

71.     Allstate's failure to acknowledge receipt of Plaintiffs' Claim, to commence investigation of the Claim, and to request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of the Claim in violation of the Texas Insurance Code Section 542.055.

72.     Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.056.

20

73.     Allstate's delay of the payment of Plaintiffs' Claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim and a violation of this section. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

74.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Jackson, Blamey, Marcantel, Frisbee, and Devine are agents of Allstate based on their acts during the handling of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

75.     Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the actions and conduct of Jackson, Blamey, Marcantel, Frisbee, and Devine including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

76.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts—like the insurance policy that existed between Plaintiffs and Allstate.

77.     Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, although at that time, Allstate knew or should have known by the exercise of reasonable diligent that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### CAUSES OF ACTION AGAINST AND DEVINE

#### NON-COMPLIANCE BY DEFENDANT ADJUSTERS
#### WITH TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

78.     Defendant Allstate assigned Jackson, Blamey, Marcantel, and Frisbee as the individual adjusters to Plaintiffs' Claim and Devine, as the in-house claim representative for Plaintiffs' Claim.

21

These Defendants were improperly trained to handle claims of this nature and, as a result, performed an unreasonable investigation of Plaintiffs' damages. During the investigation, Defendants Jackson, Blamey, Marcantel, Frisbee and Devine failed to properly assess Plaintiffs' damages, undervalued the damage to the roof and otherwise, and omitted covered damages from the estimate, including several rooms of Plaintiffs' interior damages. Specifically, during all phases of the investigation, Defendants Jackson, Blamey, Marcantel, Frisbee and Devine failed to properly assess Plaintiffs' Harvey damages, misrepresented that Plaintiffs' damages were not covered under the Policy, when, in fact, the damages would have been much greater had a reasonable investigation been conducted.

79.     As such, Defendants Jackson, Blamey, Marcantel, Frisbee and Devine's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

80.     "Adjusters" and other individuals engaged in the business of insurance, like Defendants Jackson, Blamey, Marcantel, Frisbee and Devine are individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Allstate, because "[p]erson" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 996 S.W.23d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance

22

Code and subjecting them to individual liability).

81.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants Jackson, Blamey, Marcantel, Frisbee and Devine's unfair settlement practices, as described above and by the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

82.     Defendants Jackson, Blamey, Marcantel, Frisbee and Devine's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

83.     Defendants Jackson, Blamey, Marcantel, Frisbee and Devine failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Defendants Jackson, Blamey, Marcantel, Frisbee and Devine failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, neither Defendants Jackson, Blamey, Marcantel, Frisbee nor Devine, communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. The unfair settlement practice of Defendants Jackson, Blamey, Marcantel, Frisbee and Devine, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation for the offer of compromise settlement of Plaintiffs' Claim as set forth in the Policy, in relation to the facts or applicable law, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of

23

insurance. TEX. INS. CODE §541.060(a)(3).

84.     Defendants Jackson, Blamey, Marcantel, Frisbee and Devine's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

85.     Defendants Jackson, Blamey, Marcantel, Frisbee and Devine did not properly inspect Plaintiffs' Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although such damages were reported initially by Plaintiffs to Allstate at the time they made their Claim. These Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<h3 align="center">FRAUD</h3>

86.     Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine are liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine knew were false or made recklessly without any knowledge of their truth as a positive assertion.

87.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

24

## CONSPIRACY TO COMMIT FRAUD

88.     Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Allstate, Jackson, Blamey, Marcantel, Frisbee and Devine committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result of Defendants' actions.

## FRAUD BY NONDISCLOSURE

89.     Defendants Allstate, Jackson, Blamey, Marcantel, Frisbee, and Devine are liable to Plaintiffs for fraud by nondisclosure. Because of the parties' special relationship, Defendants had a duty to disclose material facts to Plaintiffs. Defendants failed to disclose the material fact of their estimates, evaluations, and determinations. Specifically, by not advising Plaintiffs of what additional information and documentation that Allstate would consider in support of Plaintiffs' Claim. Defendants knew that Plaintiffs did not have an equal opportunity with Defendants, to obtain a copy of the estimates and other documents requested by Plaintiffs, or to discover independently the specific damage items listed in Defendants' estimates and documents related to Plaintiffs' Property. By intentionally failing to disclose material information that could have a significant outcome on the Claim, Defendants intended to induce Plaintiffs to blindly accept Defendants' insufficient investigation and estimates which concluded that the Property had not suffered significant covered Harvey damages; and thereby, allowing Allstate to escape paying the

25

Claim.

90.     By their conduct, Defendants intended for Plaintiffs to simply rely on and accept

Defendants evaluations, estimates, and minimal payment for damages and go away. However,

Plaintiffs did not simply go away. Plaintiffs suffered injury from Defendants' fraud by

nondisclosure conduct because, among other damages, if Allstate had considered and approved

Plaintiffs' documentation, Plaintiffs would have received proper payment for their Claim and

could have begun repairs to their Property and would not have suffered such a large loss.

### KNOWLEDGE

91.     All of the acts described above, together and singularly, were done "knowingly" as that

term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages

described herein.

### CONDITIONS PRECEDENT

92.     All conditions precedent to Plaintiffs' claims for relief have been performed to have

occurred and/or Allstate waived the same. This includes, but is not limited to, providing notice

pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

### NO FEDERAL CLAIMS

93.     Plaintiffs are not making any claims for relief under federal law.

### DAMAGES

94.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly,

constitute the producing cause of the damages sustained by Plaintiffs.

95.     As previously mentioned, Plaintiffs' Harvey damages have not been properly addressed or

repaired, causing further damages to the Property while also causing undue hardship and a burden

on Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' Claim in violation of the laws set forth above.

96.      For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Texas Civil Practice & Remedies Code Section 38.001. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Allstate waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

97.      For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to three (3) times their actual damages. TEX. INS. CODE §541.152.

98.      For noncompliance with the Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. TEX. INS. CODE §542.060.

99.      For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Allstate owed, exemplary damages and damages for emotional distress.

27

100. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

101. For fraud by nondisclosure, Plaintiffs are entitled to recover all direct damages caused by Defendants' fraud, any consequential damages that may be shown, interest, costs and attorney's fees.

102. For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorney and firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## JURY DEMAND

Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would be reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiffs request the award of attorney's fees for the trial and any appeal of the case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MERLIN LAW GROUP P.A.**

*/s/ J. Ryan Fowler*
**J. Ryan Fowler, Esq.**
State Bar No. 24058357
**Rene M. Sigman, Esq.**
State Bar No. 24037492
RMSdockett@merlinlawgroup.com
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Filed
3/8/2019 4:05 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

## CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § § | **FORT BEND COUNTY, TEXAS** |
| **INSURANCE CO., TAMMY JACKSON,** | § | |
| **JOHN BLAMEY, CONNIE ELIZABETH** | § | |
| **FRISBEE, DONNIE JOE MARCANTEL** | § | |
| **AND KAREN DEVINE,** | § | |
| | § | **400TH JUDICIAL DISTRICT** |
| *Defendants.* | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case and will tender the applicable fees thereon.

1

6769837v1

## III.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By:   _/s/Jay Scott Simon_
      Jay Scott Simon
      State Bar No. 24008040
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

2

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 8, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_
Jay Scott Simon

3

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE CO., TAMMY JACKSON,** | § | |
| **JOHN BLAMEY, CONNIE ELIZABETH** | § | |
| **FRISBEE, DONNIE JOE MARCANTEL** | § | |
| **AND KAREN DEVINE,** | § | |
| | § | **400TH JUDICIAL DISTRICT** |
| *Defendants.* | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR TAMMY JACKSON**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

1.1     Plaintiffs, Abed El-Issa and Maha Abouradi ("Plaintiffs") filed claim number 0472433481 with Allstate on August 29, 2018. Claim number 0472433481 was adjusted by one or more individuals at Allstate's request, including Defendant Tammy Jackson ("Jackson"). For purposes of this Election, Tammy Jackson is considered Allstate's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

1

1.2     On February 6, 2019, Plaintiffs filed this action on claim number 0472433481, naming as defendants Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine.

## II. ELECTION

2.1     Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Jackson might have to Plaintiffs for Jackson's acts or omissions related to claim number 0472433481 and by this pleading Plaintiffs are provided written notice of Allstate's Election.

## III. DISMISSAL OF TAMMY JACKSON WITH PREJUDICE

2.2     Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against Tammy Jackson with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that Tammy Jackson be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

6773921v1
03647.681

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP


By:   _/s/Jay Scott Simon_
      Jay Scott Simon
      State Bar No. 24008040
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

3

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_
Jay Scott Simon

4

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE CO., TAMMY JACKSON,** | § | |
| **JOHN BLAMEY, CONNIE ELIZABETH** | § | |
| **FRISBEE, DONNIE JOE MARCANTEL** | § | |
| **AND KAREN DEVINE,** | § | |
| | § | |
| | § | **400TH JUDICIAL DISTRICT** |
| *Defendants.* | § | |

<u>**ORDER OF DISMISSAL OF DEFENDANT TAMMY JACKSON WITH PREJUDICE**</u>

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant Allstate Vehicle And Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Defendant Tammy Jackson in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same. Any and all relief sought against Defendant Tammy Jackson not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating any claim or cause of action brought against Defendant Tammy Jackson shall be borne by the party incurring same.

SIGNED this _____ day of _____, 2019.

_____

JUDGE PRESIDING

5

6773921v1
03647.681

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | |
| *Defendants.* | § § | **400TH JUDICIAL DISTRICT** |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR JOHN BLAMEY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

1.1    Plaintiffs, Abed El-Issa and Maha Abouradi ("Plaintiffs") filed claim number 0472433481 with Allstate on August 29, 2018. Claim number 0472433481 was adjusted by one or more individuals at Allstate's request, including Defendant John Blamey ("Blamey"). For purposes of this Election, John Blamey is considered Allstate's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

1

1.2      On February 6, 2019, Plaintiffs filed this action on claim number 0472433481, naming as defendants Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine.

## II.  ELECTION

2.1      Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Blamey might have to Plaintiffs for Blamey's acts or omissions related to claim number 0472433481 and by this pleading Plaintiffs are provided written notice of Allstate's Election.

## III. DISMISSAL OF JOHN BLAMEY WITH PREJUDICE

2.2      Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against John Blamey with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that John Blamey be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

6774005v1
03647.681

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP


By:   /s/Jay Scott Simon
   Jay Scott Simon
   State Bar No. 24008040
   One Riverway, Suite 1400
   Houston, Texas 77056
   Telephone:  (713) 403-8210
   Facsimile:  (713) 403-8299
   jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

3

6774005v1
03647.681

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_
Jay Scott Simon

4

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| ABED EL-ISSA AND MAHA ABOURADI, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | |
| | § | FORT BEND COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE, | § § § § § § | |
| *Defendants.* | § § | 400TH JUDICIAL DISTRICT |

## <u>ORDER OF DISMISSAL OF DEFENDANT JOHN BLAMEY WITH PREJUDICE</u>

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant Allstate Vehicle And Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Defendant John Blamey in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same. Any and all relief sought against Defendant John Blamey not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating any claim or cause of action brought against Defendant John Blamey shall be borne by the party incurring same.

SIGNED this _____ day of _____, 2019.

_____

JUDGE PRESIDING

5

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | |
| | § | **400TH JUDICIAL DISTRICT** |
| *Defendants.* | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR CONNIE ELIZABETH FRISBEE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

1.1    Plaintiffs, Abed El-Issa and Maha Abouradi ("Plaintiffs") filed claim number 0472433481 with Allstate on August 29, 2018. Claim number 0472433481 was adjusted by one or more individuals at Allstate's request, including Defendant Connie Elizabeth Frisbee ("Frisbee"). For purposes of this Election, Connie Elizabeth Frisbee is considered Allstate's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

1

1.2     On February 6, 2019, Plaintiffs filed this action on claim number 0472433481, naming as defendants Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine.

## II.  ELECTION

2.1     Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Frisbee might have to Plaintiffs for Frisbee's acts or omissions related to claim number 0472433481 and by this pleading Plaintiffs are provided written notice of Allstate's Election.

## III. DISMISSAL OF CONNIE ELIZABETH FRISBEE WITH PREJUDICE

2.2     Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against Connie Elizabeth Frisbee with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that Connie Elizabeth Frisbee be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

6774028v1
03647.681

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP


By:   _/s/Jay Scott Simon_
        Jay Scott Simon
        State Bar No. 24008040
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone:  (713) 403-8210
        Facsimile:  (713) 403-8299
        jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_
Jay Scott Simon

4

## CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | **FORT BEND COUNTY, TEXAS** |
| *Defendants.* | § § | **400TH JUDICIAL DISTRICT** |

### ORDER OF DISMISSAL OF DEFENDANT CONNIE ELIZABETH FRISBEE WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant Allstate Vehicle And Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Defendant Connie Elizabeth Frisbee in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same. Any and all relief sought against Defendant Connie Elizabeth Frisbee not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating any claim or cause of action brought against Defendant Connie Elizabeth Frisbee shall be borne by the party incurring same.

SIGNED this _____ day of _____, 2019.


_____
JUDGE PRESIDING

5

6774028v1
03647.681

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | **FORT BEND COUNTY, TEXAS** |
| *Defendants.* | § § | **400TH JUDICIAL DISTRICT** |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR DONNIE JOE MARCANTEL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

1.1     Plaintiffs, Abed El-Issa and Maha Abouradi ("Plaintiffs") filed claim number 0472433481 with Allstate on August 29, 2018. Claim number 0472433481 was adjusted by one or more individuals at Allstate's request, including Defendant Donnie Joe Marcantel ("Marcantel"). For purposes of this Election, Donnie Joe Marcantel is considered Allstate's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

1

1.2     On February 6, 2019, Plaintiffs filed this action on claim number 0472433481, naming as defendants Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine.

## II.  ELECTION

2.1     Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Marcantel might have to Plaintiffs for Marcantel's acts or omissions related to claim number 0472433481 and by this pleading Plaintiffs are provided written notice of Allstate's Election.

## III. DISMISSAL OF DONNIE JOE MARCANTEL WITH PREJUDICE

2.2     Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against Donnie Joe Marcantel with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that Donnie Joe Marcantel be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP


By:   */s/Jay Scott Simon*
      Jay Scott Simon
      State Bar No. 24008040
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

3

## **CERTIFICATE OF SERVICE**

This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_____
Jay Scott Simon

4

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | |
| | § | **400TH JUDICIAL DISTRICT** |
| *Defendants.* | § | |

## ORDER OF DISMISSAL OF DEFENDANT DONNIE JOE MARCANTEL WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant Allstate Vehicle And Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Defendant Donnie Joe Marcantel in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same. Any and all relief sought against Defendant Donnie Joe Marcantel not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating any claim or cause of action brought against Defendant Donnie Joe Marcantel shall be borne by the party incurring same.

SIGNED this _____ day of _____, 2019.

_____

JUDGE PRESIDING

6774047v1
03647.681

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **v.** | § § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | **FORT BEND COUNTY, TEXAS** |
| *Defendants.* | § § | **400TH JUDICIAL DISTRICT** |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR KAREN DEVINE**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.  RELEVANT BACKGROUND

    1.1    Plaintiffs, Abed El-Issa and Maha Abouradi ("Plaintiffs") filed claim number 0472433481 with Allstate on August 29, 2018. Claim number 0472433481 was adjusted by one or more individuals at Allstate's request, including Defendant Karen Devine ("Devine"). For purposes of this Election, Karen Devine is considered Allstate's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

1

1.2     On February 6, 2019, Plaintiffs filed this action on claim number 0472433481, naming as defendants Allstate Vehicle and Property Insurance Co., Tammy Jackson, John Blamey, Connie Elizabeth Frisbee, Donnie Joe Marcantel and Karen Devine.

## II.  ELECTION

2.1     Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Devine might have to Plaintiffs for Devine's acts or omissions related to claim number 0472433481 and by this pleading Plaintiffs are provided written notice of Allstate's Election.

## III. DISMISSAL OF KAREN DEVINE WITH PREJUDICE

2.2     Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against Karen Devine with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that Karen Devine be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

6774078v1
03647.681

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By:   _/s/Jay Scott Simon_____
      Jay Scott Simon
      State Bar No. 24008040
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

6774078v1
03647.681

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 15, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

J. Ryan Fowler, Esq.
Rene M. Sigman, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX 77027
RMSDocket@merlinlawgroup.com

_/s/Jay Scott Simon_
Jay Scott Simon

CAUSE NO. 19-DCV-259427

| | | |
|---|---|---|
| **ABED EL-ISSA AND MAHA ABOURADI,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., TAMMY JACKSON, JOHN BLAMEY, CONNIE ELIZABETH FRISBEE, DONNIE JOE MARCANTEL AND KAREN DEVINE,** | § § § § § § | **FORT BEND COUNTY, TEXAS** |
| *Defendants.* | § § | **400TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANT KAREN DEVINE WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant Allstate Vehicle And Property Insurance Company ("Allstate").  Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Defendant Karen Devine in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same. Any and all relief sought against Defendant Karen Devine not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating any claim or cause of action brought against Defendant Karen Devine shall be borne by the party incurring same.

SIGNED this _____ day of _____, 2019.

_____

JUDGE PRESIDING

5